**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| YEVHENIIA NIKOLAICHUK, as next friend of OLEG KHARCHENKO, | ) ) ) | |
| *Petitioner*, | ) ) | Case No: 3:26-cv-467 |
| v. | ) ) | Judge Atchley |
| | ) | Magistrate Judge Poplin |
| JOHN DOE, *et al.*, | ) ) | |
| *Respondents*. | ) | |

**MEMORANDUM & ORDER**

Before the Court are the Petition for Writ of Habeas Corpus [Doc. 1], Emergency Motion for a Stay of Removal [Doc. 2], Emergency Motion for an Order Requiring Advance Notice of Any Transfer [Doc. 6], Motion to Appoint Counsel [Doc. 7], Emergency Request For Expedited Relief [Doc. 12], and Motion to Restrict Public Access and Substitute Redacted Exhibit [Doc. 14] filed by ("Next Friend") on behalf of Oleg Kharchenko ("Petitioner"), Next Friend's father and a native of Ukraine in the custody of United States Immigration and Customs Enforcement ("ICE"). In its previous order [Doc. 4], the Court drew attention to an apparent conflict between *Lucarelli v. United States*, 65 F. App'x 926 (6th Cir. 2003) and *Shepherd v. Wellman*, 313 F.3d 963, 966 (6th Cir. 2002).

This apparent conflict called into question whether this Court had jurisdiction over the Petition [Doc. 1]. Because of the emergency posture of the motion, the Court did not originally have time to thoroughly explore the law governing this conflict. However, now that several days have passed, the Court has carefully researched this matter. For the reasons explained below, the Court **DENIES WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus [Doc. 1] and

**DENIES** the Emergency Motion for a Stay of Removal [Doc. 2], Emergency Motion for an Order Requiring Advance Notice of Any Transfer [Doc. 6], Motion to Appoint Counsel [Doc. 7], Emergency Request For Expedited Relief [Doc. 12], and Motion to Restrict Public Access and Substitute Redacted Exhibit [Doc. 14].

## I. FACTUAL AND PROCEDURAL BACKGROUND

Because the Parties are familiar with the details of this case, the Court will keep these facts brief and limited to the issues before it. Petitioner, a native of Ukraine whose first language is Russian, was stopped and taken into custody by ICE while he was traveling near Cleveland, Tennessee. [Doc. 2, at 2; Doc. 12, at 6]. Shortly after, Next Friend filed and signed a petition for the writ of habeas corpus on Petitioner's behalf. [*See* Doc. 1]. In the petition, Next Friend claims that Petitioner is being illegally held because no criminal charges are pending against him, an asylum application he made is still pending, he has not been served with a "Notice to Appear," and no removal order or proceedings are pending against him. [*Id.* at 4]. Next Friend seeks Petitioner's immediate release or, alternatively, a bond hearing. [*Id.* at 8].

To establish her ability to sue on behalf of Petitioner, Next Friend argues that Petitioner cannot appear on his own. As evidence of this, Next Friend explains that Petitioner's eyeglasses have been confiscated, [Doc. 12, at 4], "Respondents have not disclosed where [Petitioner] is held, he does not appear in the ICE detainee locator, he has no counsel[,] and he is not fluent in English." [Doc. 2, at 3]. A few days after Next Friend filed the petition, Petitioner asked ICE to allow him to voluntarily return to Ukraine. [Doc. 13]. According to Next Friend, "On October 3, 2026, Petitioner told his family by telephone that an ICE officer had called him and said that ICE could not act on his request for voluntary departure because a request had been filed with" this Court. [*Id.*]. With these developments in mind, the Court next determines whether it has jurisdiction to

consider any of Next Friend's motions and the petition.

## II. LEGAL STANDARD FOR NEXT-FRIEND STANDING

"Federal courts are courts of limited jurisdiction" because "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In cases involving petitions for the writ of habeas corpus, the standing of next friends "has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*, 395 U.S. 149, 162 (1990). A next friend is not a "party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* at 163.

As the U.S. Supreme Court has explained, "Congress eventually codified the doctrine explicitly in 1948." *See id.* at 162–63 (citation omitted). That codification provides: "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or *by someone acting in his behalf*." 28 U.S.C. § 2242 (emphasis added). In codifying next-friend standing, the Supreme Court has suggested that Congress also incorporated the common-law elements required to assert next-friend standing. *See Whitmore*, 395 U.S. at 163–64; *see also United States v. Texas*, 507 U.S. 529, 534 (1993) (explaining that congressional statutes "are to be read with the presumption favoring the retention of long-established and familiar principles" of common law unless "a statutory purpose to the contrary is evident"). Thus, the next friend must: (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf," (2) show that he is "dedicated to the best interests of" the real party in interest, and (3) demonstrate a "significant relationship with the real party in interest." *See Whitmore*, 395 U.S. at 163–64.

## III. ANALYSIS

### a. While a pro se next friend may file a habeas petition in certain circumstances, the next friend may not make any other filings.

In *Lucarelli v. United States*, a woman filed a habeas petition on the behalf of her husband, a federal prisoner. 65 F. App'x 926, 926 (6th Cir. 2003). The Sixth Circuit reviewed the district court's dismissal of the petition. *Id.* When listing the *Whitmore* elements recited above, the Sixth Circuit added a new wrinkle:

> To prosecute a habeas corpus action on behalf of another, i.e., as a "next friend," *a pro se litigant* "must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," must be dedicated to the best interests of the real party in interest, and must have a significant relationship with the real party in interest.

*Id.* at 927 (emphasis added) (quoting *Whitmore*, 395 U.S. at 163–64; then citing *Coal. of Clergy, Laws., and Profs. v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002); and *West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001)). Notably missing from the cases the *Lucarelli* Court cites is any discussion of pro se litigants. *See generally Whitmore*, 495 U.S. 149 (using the phrase "pro se" zero times); *Coal. of Clergy, Lawyers, and Profs.*, 310 F.3d 1153 (same); *West*, 242 F.3d 338 (same). Yet the *Lucarelli* Court explicitly envisions pro se litigants pursuing habeas claims on behalf of another in *some* way.

However, a case decided by the Sixth Circuit a year before *Lucarelli* does address whether next friends generally can proceed pro se. In *Shepherd v. Wellman*, a man was killed by state police officers. 313 F.3d 963, 966 (6th Cir. 2002). The plaintiff sued the police on behalf his dead brother's estate, and did so pro se. *Id.* In explaining that the dismissal of this claim was appropriate, the Sixth Circuit looked to 28 U.S.C. § 1654. This law provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The Sixth Circuit

explained that § 1654 "does not permit plaintiffs to appear pro se where interests other than their own are at stake." *Shepherd*, 313 F.3d at 966.

Although *Lucarelli* and *Shepherd* seem at odds, this is not the case. In reciting the *Whitmore* test, the *Lucarelli* Court explains how a person can file a habeas petition on behalf of another under 28 U.S.C. § 2242. *See Lucarelli*, 65 F. App'x at 927. On the other hand, *Shepherd* relied on 28 U.S.C. § 1654 to prohibit next-friend pro se pleading. Therefore, the supposed conflict between *Lucarelli* and *Shepherd* is a sign of the tension between § 2242 and § 1654. But that tension is resolvable because "a more specific provision takes precedence over a more general one." *United States v. Perry*, 360 F.3d 519, 535 (6th Cir. 2004). Section 1654 is generally applicable in federal cases because it applies in "all courts of the United States." Section 2242, on the other hand, is specific because it applies only to "application[s] for a writ of habeas corpus." The "more specific provision [that is, § 2242] will take precedence over [the] more general one," § 1654. *Perry*, 360 F.3d at 535.

This Court is not alone in arriving at this conclusion. In *Jimenez Leon v. Warden of Diamondback Corr. Facility*, the petitioner's girlfriend filed a habeas petition on his behalf after he was detained by immigration authorities. 2026 WL 1034406, at *1 (W.D. Okla. Apr. 16, 2026). The girlfriend moved to become the next friend of the petitioner, but the District Court denied the motion. The District Court explained that § 1654 ordinarily "bars a non-attorney next friend from representing another person in court." *Id.* at *2. However, the Court also noted "§ 2242 is a specific provision governing habeas petitions." *Id*. Because the specific statute controls, "a qualifying lay next friend may sign and file the petition." *Id.* However, "that person may not proceed further in the litigation on the petitioner's behalf." *Id.* This is because "§ 2242 speaks only to the filing of the petition itself." *Id.* That means § 1654 prevents a "next friend from filing additional papers."

*Id.* So, if Next Friend here can meet the requirements of *Whitmore* and *Lucarelli*, then the Court may consider *only* the Petition. Because Next Friend has filed several motions *after* the petition [Docs. 2, 6, 7, 12, & 14], those motions are **DENIED.**

**b. Next Friend has failed to show that Petitioner cannot file his own Petition.**

But Next Friend cannot show that Petitioner is unable to file his own petition. So, the Court cannot consider the petition in its current form.[1] Recall that a pro se litigant may only file a habeas petition for another person if the litigant: (1) adequately explains why the petitioner cannot appear on his own behalf, (2) is dedicated to the petitioner's best interests, and (3) has a significant relationship with the petitioner. *Lucarelli*, 65 F. App'x at 927 (quoting *Whitmore*, 395 U.S. at 163–64). As the daughter of Petitioner, Next Friend easily meets the last two elements. [*See* Doc. 11, at 8]. Thus, the crucial question is whether she meets the first element.

Here, Next Friend has not shown that Petitioner is unable to appear on his own behalf because he is inaccessible, mentally incompetent, or disabled. *Whitmore*, 395 U.S. at 163–64; *Lucarelli*, 65 F. App'x at 927. Next Friend does not allege that Petitioner has any mental issues. [*See generally* Docs. 2, 6, & 7]. Next Friend argues that Petitioner cannot appear on his own because "his eyeglasses were taken from him, so he cannot read the documents he is handed." [Doc. 12]; She also claims that "Respondents have not disclosed where [Petitioner] is held" and that Petitioner "does not appear in the ICE detainee locator." [Doc. 2, at 3]. Next Friend lastly explains that Petitioner "has no counsel and he is not fluent in English." [Doc. 2, at 3]. The Court considers each of these in turn.

---

[1] In its previous order, the Court concluded "under *Lucarelli* that Petitioner's next friend may pursue a habeas claim pro se on behalf of Petitioner." [Doc. 4, at 3]. However, "due to the apparent conflict between *Shepherd* and *Lucarelli*, the Court explicitly state[d] that it [was] not making a permanent finding" about whether Next Friend could pursue Petitioner's habeas petition.

First, there is Next Friend's argument regarding Petitioner's poor vision. Next Friend cites no cases showing that blindness makes a petitioner unable to file under *Whitmore*. In fact, all cases involving a habeas petition filed on behalf of a blind petitioner, courts appear to treat the petitioner's blindness as unimportant to the *Whitmore* analysis. *See Romanov ex rel. Romanova v. Frink*, 2025 WL 2162290, at *3 (S.D. Tex. July 30, 2025) (holding that the next friend failed to explain why the petitioner's near-blindness prevented her from "representing her own interests"); *Ring v. Price*, 2019 WL 8223585, at *1, n. 1, *2 (E.D. Cal. Sep. 9, 2019) (acknowledging the petitioner's blindness but failing to address it when applying *Whitmore*). Moreover, Next Friend claims that Petitioner "cannot read the small print of the documents he is given." [Doc. 12-1, at 4]. But this says nothing about whether Petitioner can prepare his own documents in a print size that he can see without his eyeglasses. While the Court is mindful of Next Friend's concerns about Petitioner's vision, this concern does not support finding next-friend standing under *Whitmore*.

Next Friend's second and third arguments are contradicted by her own factual admissions. Next Friend admits that, on September 29, 2026, she was able to use the ICE Online Detainee Locator System to discover that her father was being held in Etowah County Jail in Alabama. [Doc. 6, at 5].[2] According to Next Friend, Respondents explained that Petitioner would soon be transferred to Louisiana but did not say when the transfer would occur. [*Id.*]. Respondents have since clarified that Petitioner is scheduled for a hearing before an immigration judge in Jena, Louisiana on October 26, 2026. [Doc. 11, at 3]. So, it cannot be plausibly said that "Respondents have not disclosed where [Petitioner] is held" or that Petitioner "does not appear in the ICE

---

[2] As of October 5, 2026, a search of the ICE Online Detainee Locator System for the same criteria used by Next Friend confirms that Petitioner is still in Etowah County Jail. *See* https://locator.ice.gov/odls/#/search, searched under A number 216349340 (last visited Oct. 5, 2026).

detainee locator."

Additionally, whether Petitioner has counsel is irrelevant to the question of next-friend standing. *See Whitmore*, 395 U.S. at 163–64. If Petitioner did have counsel, it would be pointless to analyze next-friend standing under *Whitmore* since Petitioner could simply plead through his counsel. *See Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (expressing concern about the use of next-friend standing to "participate in the unauthorized practice of law by preparing legal papers, filing petitions and briefs, and generally acting as an attorney in violation of state and federal provisions governing the unauthorized practice of law").

Lastly, there is the matter of Petitioner's English proficiency. This matter has no bearing on the *Whitmore* analysis. While at least one district court within the Sixth Circuit has considered English proficiency relevant, *see Moiseev by Kandashkina v. Raycraft*, 2026 WL 1413110, at *1–2 (W.D. Mich. May 20, 2026), this Court reaches an opposite conclusion. This is because a petitioner's unavailability must stem from "an incurable bar to participation in legal proceedings." *Jimenez Leon v. Warden of Diamondback Corr. Facility,* 2026 WL 1034406, at *3 (W.D. Okla. Apr. 16, 2026); *see also Cardin v. United States*, 947 F.3d 373, 376 (6th Cir. 2020) (holding that petitioner's sudden hospitalization mere days before his petition was due left him unavailable for the purposes of next-friend standing).

As the *Jimenez Leon* Court succinctly explained it:

> [N]on-English-speaking criminal defendants participate in legal proceedings with the aid of translation. Because lack of English proficiency is readily curable through use of a translator, it isn't the sort of uncurable disabilities or incapacity that would warrant next friend standing, unless the prospective next friend establishes facts demonstrating a lack of ability to cure the language deficiency (e.g., lack of access to translation or native language legal materials).

2026 WL 1034406, at *3; *see also United* States *v. Betancourt-Arretuche*, 933 F.2d 89, 95 (1st Cir. 1991) (explaining that "inability to speak English" has not "been deemed an insurmountable

barrier to pro se representation").

Next Friend has alleged that the "interview notice that the [U.S Citizenship and Immigration Service] sent him states that an applicant who is not fluent in English must bring an interpreter" and that Petitioner "has no interpreter" right now. [Doc. 1-4 at 4]. But the Citizenship and Immigration Service's interview policies or procedures have no relation to the *Whitmore* analysis. And whether Petitioner has an interpreter right now says nothing about whether Petitioner is incapable of (or barred by Respondents from) obtaining an interpreter or Russian-language legal materials in the future. Consequently, the Court finds that Next Friend has not established Petitioner's ability "to cure the language deficiency." 2026 WL 1034406, at *3. As a result, Next Friend has not met her burden under the first prong of the *Whitmore* test, and so she has no next-friend standing.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Next Friend has no standing to file a petition on behalf of Petitioner. Consequently, the Court **DENIES WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus [Doc. 1] and **DENIES** the Emergency Motion for a Stay of Removal [Doc. 2], Emergency Motion for an Order Requiring Advance Notice of Any Transfer [Doc. 6], Motion to Appoint Counsel [Doc. 7], Emergency Request For Expedited Relief [Doc. 12], and Motion to Restrict Public Access and Substitute Redacted Exhibit [Doc. 14]. However, because Petitioner has expressed an interest in voluntary departure, it is **FURTHER ORDERED** that Respondents serve Petitioner with a copy of the petition originally filed by Next Friend [Doc. 1] and provide Petitioner with both the opportunity and means to either (1) amend the petition by signing it himself or (2) withdraw the petition and initiate the voluntary departure process.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**