**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| OLEG KHARCHENKO, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | Case No. 3:26-cv-467 |
| v. | ) | |
| | ) | Judge Atchley |
| JOHN DOE, *et al.*, | ) | |
| | ) | Magistrate Judge McCook |
| *Respondents*. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" [Doc. 1], which Petitioner has now amended by adopting it as his own through a sworn affidavit [Doc. 16] in accordance with the Court's prior order [Doc. 15]. Respondents filed a response to the petition [Doc. 11], and Petitioner filed a reply [Doc. 12]. After reviewing the parties' filings and the applicable law, the Court finds that a hearing is unnecessary. For the reasons set forth below, the Court hereby **AMENDS**[1] its prior order [Doc. 15] such that the Court will

[1] The Court has the power to amend its previous order [Doc. 15] for two reasons. Firstly, the Court only denied the habeas petition [Doc. 1] *without* prejudice, meaning that [Doc. 15] is not a final order governed by Federal Rule of Civil Procedure 60 and can be freely amended. *See Boxill v. O'Grady*, 935 F.3d 510, 516–17 (6th Cir. 2019) (explaining that a district court's dismissal of an *action* without prejudice is final, whereas its dismissal of *only the complaint* without prejudice is not final); *see also United States v. Ocampo*, No. 06-20172, 2009 WL 3429606, at *1 (E.D Mich. Oct. 20, 2009) (observing that the court did not act with finality in previously denying without prejudice the defendant's 28 U.S.C. § 2255 motion). Secondly, even if the Court's previous order [Doc. 15] was final, Rule 60(b) allows the Court to, upon motion of the Petitioner, amend its previous order due to Petitioner's "excusable neglect." *See* Fed. R. Civ. P. 60(b)(1). The Court will construe Petitioner's adoption of the petition [Doc. 16] as such a motion. Excusable neglect exists here because: (1) considering the renewed petition will have a negligible temporal "impact on judicial proceedings" and runs no "danger of prejudice to the" Government; and (2) the defect in the initial petition was outside "the reasonable control" of Petitioner since it was filed by his daughter as his next friend. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). Therefore, even if the previous order [Doc. 15] was final, the Court can amend it on this basis.

**GRANT** the petition in part and **ORDER** the Government to provide Petitioner with a bond hearing in the manner set forth herein.

## I. BACKGROUND

Petitioner, a native of Ukraine who suffers from blood pressure issues that require three medications every day, as well as monitoring, has lived in Charlotte, North Carolina, since 2016 [Doc. 1-4 p. 2; Doc. 1 p. 7]. Petitioner has a daughter who is "a lawful permanent resident," two grandchildren who are U.S. citizens, and "no arrests or convictions in the United States" [Doc. 1 p. 7]. On April 9, 2017, Petitioner filed an application for asylum with U.S. Citizenship and Immigration Services ("USCIS") [*Id.*]. A USCIS document addressed to Petitioner and filed with the petition states that Petitioner "may remain in the U.S. until [his] asylum application is decided" [Doc. 1-3 p. 2]. On October 8, 2025, USCIS interviewed Petitioner about his asylum petition [Doc. 1 p. 7]. On September 10, 2026, Petitioner "signed a request under penalty of perjury asking his congressman about the delay" regarding his asylum application [*Id.*].

But on September 24, 2026, Immigrations and Customs Enforcement ("ICE") officials stopped Petitioner and took him into custody [*Id.*]. Petitioner asserts that he is being detained without "statutory authority" due to his visa expiring, that he was not issued a citation for violating any specific traffic law, and that his asylum petition is still pending [*Id.*]. Petitioner requests (1) immediate release or, in the alternative, a bond hearing within seven days; (2) that the Court restrain Respondents from transferring Petitioner out of this District or removing him from the United States while the petition is pending; (3) that the Court order USCIS to decide Petitioner's asylum petition; (4) and that the Court order production of Petitioner's detention file, including his blood pressure records [*Id.* at 8]. Petitioner also seeks appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B) [Doc. 16 at p. 2]. Petitioner is now confined in the River Correctional Center in

Ferriday, Louisiana [*Id.* at p. 1]. He has a pending immigration case and had his first hearing on October 26, 2026, where he intended to request a bond hearing [*Id.* at 2].

## II. ANALYSIS

### A. Exhaustion of Administrative Remedies

As an initial matter, the Government argues that the Court should not consider the petition because Petitioner failed to exhaust his administrative remedies prior to filing this action because he did not request a hearing regarding his custody when presented with the option to do so [Doc. 11 p. 10]. The Government also filed a form document informing Petitioner of his right to request the review of his "custody determination by an immigration judge" [Doc. 11-6 p. 1]. On this form, Petitioner did not check the box indicating whether he wanted such a hearing [*Id.*]. However, given the substantial evidence in the record regarding Petitioner's health issues and lack of fluency in English, as well as the apparent taking of his eyeglasses during his confinement [*See*, *e.g.*, Docs. 1-4, 12-1], the Court declines to require that Petitioner exhaust his administrative remedies prior to addressing the merits of his petition. *Garcia v. Noem*, 813 F. Supp. 3d 734, 741 (W.D. Mich. 2025) (noting that courts addressing immigration habeas corpus filings may waive exhaustion and "choose to rule upon the merits of the issues presented when the 'legal question is fit for resolution and delay means hardship.'" (quoting *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000))).

### B. Request for Bond Hearing and Release from Custody

The Court now turns to the merits of the petition by addressing Petitioner's requests for a bond hearing and release from custody. Federal courts possess the power to issue a writ of habeas corpus to any person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And because the writ of habeas corpus is a constitutional guarantee

"available to every individual detained within the United States[,]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2), it is a remedy available to noncitizens who claim to be unlawfully detained. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) (describing habeas corpus as the appropriate remedy to determine the legality of a person's custody). Two detention provisions of the Immigration and Nationality Act ("INA")—8 U.S.C. §§ 1225(b)(2) and 1226(a)—are relevant to the question of whether Petitioner's current detention is lawful.[2] Section 1225 provides for the mandatory detention of "applicants for admission[,]" i.e., "[a]n alien present in the United States who has not been admitted[,]" who are apprehended upon arrival lacking any valid entry document, or who are apprehended at any location and unable to show that they have been physically present in the United States for more than two years. 8 U.S.C. §§ 1225(a)(1), (b)(1)(A)(i), (iii). Conversely, individuals in standard removal proceedings under § 1226(a) are generally entitled to a bond hearing at the outset of their detention.[3] 8 U.S.C. § 1226(a)(2).

As the Government concedes, the Sixth Circuit recently held that noncitizens like Petitioner already present in the United States are detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing. *Lopez-Campos v. Raycraft*, 175 F.4th 713, 734 (6th Cir. 2026). Indeed, detention under

---

[2] The Court retains jurisdiction despite Petitioner's transfer to another judicial district because jurisdiction is based on the petitioner's location at the time of filing. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (U.S. 2004). A subsequent transfer after the petition is filed does not divest a court of jurisdiction. *See id.* at 440–41 (discussing *Ex parte Endo*, 323 U.S. 283, 304–06 (1944)); *see also Roman v. Ashcroft*, 340 F.3d 314, 322, 326 (6th Cir. 2003) (concluding that while "the immediate custodian rule generally applies to alien habeas corpus petitioners[,]" exceptions exist that permit an alien to "name a respondent other than his immediate custodian because a petition naming a higher level official, such as the Attorney General, could be adjudicated without interruption in the event of a transfer").

[3] Individuals with specific criminal histories are excepted from the discretionary detention provision of § 1226. *See* 8 U.S.C. § 1226(c)(1–4). Nothing in the record suggests that Petitioner is subject to detention under § 1226(c).

§ 1226(a) without a bond hearing violates noncitizens' due process rights. *See id.* (noting a liberty interest in being free from detention "is the most fundamental interest protected by the Due Process Clause and is shared by citizens and noncitizens alike"). Therefore, Petitioner is entitled to a bond hearing. At that hearing, the Government must bear the burden of proof to justify Petitioner's detention by clear and convincing evidence.[4] *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("[T]he government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (requiring government to justify noncitizen's detention by clear and convincing evidence at bond hearing); *Azalyar v. Raycraft*, 814 F. Supp. 3d 926, 935 (S.D. Ohio 2026) (setting forth evidentiary standard); *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612, 628–29 (W.D. Mich. 2026) (same).

However, since a bond hearing will give Petitioner the process that he is constitutionally due, the Court determines that immediate release from custody is not necessary to provide redress to Petitioner. *See Demore v. Kim*, 538 U.S. 510, 523 (2003) (providing that noncitizens may be detained pending removal proceedings); *Thuraissigiam*, 591 U.S. at 138–40 (holding that a noncitizen never lawfully admitted "has only those rights regarding admission . . . provided by statute," and that "the Due Process Clause provides nothing more"). Therefore, the Court will order the Government to provide Petitioner with a bond hearing but declines to order any other relief.[5]

---

[4] "[T]he circuits are split as to which party bears the burden of proof in § 1226(a) proceedings." *Ba v. Raycraft*, No. 26-10838, 2026 WL 1213803, at *3 (E.D. Mich. May 4, 2026) (noting the Sixth Circuit has not yet reached the issue).

[5] The Court specifically notes that Petitioner's claims in the petition regarding his conditions of confinement and resolution of his pending asylum application are not cognizable habeas corpus claims, as they do not relate to the reason he is confined. *Jones v. Williams*, No. 3:21-cv-01350, 2022 WL 2666610, at *3 (N.D. Ohio 2022) ("Section 2241 is not available . . . to review questions unrelated to the cause of detention." (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004))).

**C. Appointment of Counsel**

Lastly, Petitioner seeks appointment of counsel in this matter [Doc. 16, at p. 2]. The constitutional right to counsel in criminal prosecutions does not apply to habeas corpus cases. *Baker v. Ohio*, 330 F.2d 594, 595 (6th Cir. 1964). Rather, the decision to appoint counsel for a federal habeas petitioner generally is within the discretion of the Court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). However, a district court must appoint counsel for a habeas petitioner where the interests of justice or due process so require, *id.*; 18 U.S.C. § 3006A(a)(2)(B), or where an evidentiary hearing is necessary. Rule 8(c), Rules Governing § 2254 Cases. However, none of these conditions applies, as the Court will not hold a hearing and has provided redress to Petitioner by ordering that he be given a bond hearing of the kind explained above, where the Government has agreed Petitioner may proceed through an interpreter [Doc. 11 p. 13]. Thus, the Court sees no reason to appoint Petitioner counsel.

## III. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** Petitioner's habeas petition [Doc. 1] and **ORDERS** the Government to provide Petitioner with an individualized bond hearing consistent with § 1226(a) within seven (7) days, where the Government will bear the burden of proof to justify Petitioner's detention by clear and convincing evidence. All other relief requested in the petition [Doc. 1] is **DENIED**, as is all other relief sought in Petitioner's other filings, including mandatory release from custody and the appointment of counsel.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**